IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIMAS SANTIAGO, | : | CIVIL ACTION NO: **1:13-CV-02689** |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| SUPERIOR COURT OF PA, *et al.*, | : | |
| Defendants | : | |

## **REPORT AND RECOMMENDATION**

**I.  BACKGROUND**

On November 1, 2013, Plaintiff Dimas Santiago, an inmate confined in the State Correctional Institution at Benner Township located in Bellefonte, Pennsylvania, filed, *pro se*, this instant civil rights action pursuant to 42 U.S.C. § 1983.[1]  (Doc. 1).  Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis*.  (Doc. 2). Also on November 1, 2013, Plaintiff filed a Prisoner Authorization Form.  (Doc. 3).  The Court provided Plaintiff with a copy of its Standing Practice Order (Doc. 5) on November 4, 2013, and an Administrative Order requesting Plaintiff's inmate account statement for the past six (6) months was sent to Plaintiff on November 4, 2013.  (Doc. 6).

**II.  ALLEGATIONS OF COMPLAINT**

Plaintiff has filed his § 1983 Complaint against the following Defendants: (1) Superior Court of PA; (2) Grayhill Esq, Deputy Prothonotary, Lebanon County PA; (3) Lisa Mease, Court Reporter; (4) Lebanon County Public Defender Office; (4) Brian Dederick, Esq.; and (5)

---

[1]Plaintiff has filed five additional separate actions in the Middle District, including 1:12-CV-2007, 1:13-CV-0292, 1:13-CV-0587, 1:13-CV-0749 (Habeas Corpus) and 1:13-CV-2696.

Elisabeth Judd, Esq. (Doc. 1, pp. 1-2). Plaintiff's typed Statement of Claim consists of three (3) paragraphs. (*Id.*, p. 2). Plaintiff alleges that since August 22, 2012, Plaintiff has made numerous requests to release his transcripts which have not been released causing a delay on his appeal to the Superior Court and PCRA. (*Id*). Plaintiff also alleges that "Lebanon County Public Defender abandoned my appeal direct appeal with the Superior Court of the Middle District. Failed to filed the claimant brief. As a result claimant direct appeal was dissmised (sic) by the Superior Court of the Middle District." (*Id*). Plaintiff further states that the "Superior Court of Pennsylvania Middle District" failed to provide him with court appointed counsel. (*Id*). Plaintiff alleges that he has not exhausted his administrative remedy procedure because a grievance procedure was not available at his institution and he did not file a grievance (*Id*, p. 1).

Plaintiff does not indicate a request for relief in his complaint. (*Id*).

Because Plaintiff has filed an application to proceed *in forma pauperis*, we are required to screen his Complaint in accordance with the Prison Litigation Reform Act ("PLRA").

### III. STANDARD OF REVIEW

**PRISON LITIGATION REFORM ACT OF 1995**

As stated, the Plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2). The Prison Litigation Reform Act of 1995,[2] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis*

---

[2] Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

pursuant to 28 U.S.C. § 1915.[3] Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Furthermore, under the PLRA, a court may *sua sponte* bar a claim from proceeding *in forma pauperis* under the "three strikes" rule. Under the PLRA, it is the court's responsibility to assess whether an action may proceed in forma pauperis, and a court may dismiss in forma pauperis *sua sponte*. See 28 U.S.C. §§ 1915 (e)(2), 1915A. Thus, this Court has the authority to raise, *sua sponte*, the issue of whether plaintiff is barred from proceeding in forma pauperis under § 1915 (g). *See Gibbs v. Ryan*, 160 F.3d 160, 162, n. 2 (3d Cir. 1998).

IV. **DISCUSSION**

During the screening process of Plaintiff's Complaint, we discovered that Plaintiff may be barred from filing suits *in forma pauperis* under the PLRA's "three strikes" rule of 28 U.S.C. § 1915(g)[4]. Thus, we have not reviewed the merits of Plaintiff's Complaint under Section 1983.

---

[3]The Plaintiff filed an application to proceed *in forma pauperis* and an authorization to have funds deducted from his prison accounts. (Docs. 2, 3).

[4]
We note that the Court may want to review the following two unpublished cases which are noteworthy. In *Harris v. Beard*, 2007 WL 404042, *1 (M.D. Pa. 2-1-07), the Court stated:
> The Prison Litigation Reform Act of 1996 (PLRA"), in an effort to halt the filing of

The "three strikes" rule of the PLRA states the following:

> frivolous inmate litigation, enacted what is commonly referred to as the "three strikes" provision. Codified at 28 U.S.C. §1915(g), the "three strikes" rule provides
> that an inmate who has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim may not proceed in a civil action *in forma pauperis* "unless the prisoner is in imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). The "three strikes" provision does not bar disqualified inmates from filing additional actions, but it does deny them the opportunity to proceed under *in forma pauperis,* requiring the inmate to pay the full filing fee prior to commencing suit.
>
> In *Harris*, the Court further discussed the imminent danger exception to the three strike rule and stated:
> In addressing the "imminent danger" exception to § 1915(g)'s "three strikes" rule, the Third Circuit Court of Appeals has concluded that the requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed. *See Abdul-Akbar v. McKelvie,* 239 F.3d 307, 312 (3d Cir.2001)(en banc), *cert. denied,* 533 U.S. 953 (2001). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and a threat ... is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir.2002). The allegations of imminent danger must be construed liberally in favor of the plaintiff. *See Gibbs v. Cross,* 160 F.3d 962, 966 (3d Cir.1998).

2007 WL 404042, *2.

In *Aquino v. Saudi*, 2005 WL 2666612, *1 (M.D. Pa. 10-19-05), the Court held:

> The "imminent danger" exception to § 1915(g)'s "three strikes" rule is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir.2002). Dismissals of actions entered prior to the effective date of the PLRA are counted toward the "three strikes." *See Keener v. Pennsylvania Board of Probation and Parole,* 128 F.3d 143, 1444-45 (3d Cir.1997) (holding that dismissals of actions as frivolous before 1996 "are included among the three that establish the threshold for requiring a prisoner to pay the full docket fees unless the prisoner can show he or she is 'under imminent danger of serious physical injury' "). The "three strikes" provision does not bar disqualified inmates from filing additional actions, but it does deny them the opportunity to proceed *in forma pauperis* and requires them to pay the required filing fee.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Specifically, the Plaintiff filed three prior § 1983 actions in which he proceeded *in forma pauperis* which were dismissed as frivolous or for failure to state a claim: *Santiago v. Saul, et al.*, (1:12-cv-2007) 2013 WL 4418533 (M.D. Pa. 8-14-13); *Santiago v. Lebanon County Prison PA*, (1:13-cv-292) 2013 WL 4080315 (M.D. Pa. 8-13-13); and *Santiago v. Lebanon County Prison PA*, (1:13-cv-587) 2013 WL 3474763 (M.D. Pa. 7-10-13).

In *Santiago v. Saul, et al.*, the Court granted Plaintiff's *in forma pauperis* Motion on January 2, 2013. ((1:12-cv-2007)) 2013 WL 4418533 (M.D. Pa. 8-14-13), Doc. 13). On August 14, 2013, the Court ordered:

> 1. The Report and Recommendation of Magistrate Judge Blewitt (Doc. 33) are ADOPTED.
>
> 2. Defendants' motion to dismiss (Doc. 19) is GRANTED with respect to all constitutional claims raised against Defendant Saul and Lebanon County.
>
> 3. Plaintiff's amended complaint (Doc. 12) is DISMISSED with prejudice.
>
> 4. Plaintiff's remaining motions (Docs. 30, 35) are DISMISSED as moot.
>
> 5. The Clerk of Court is directed to CLOSE this case.
>
> 6. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915 (a)(3).

(*Id.*, Doc. 36).

5

In *Santiago v. Lebanon County Prison PA*, the Court granted Plaintiff's *in forma pauperis* Motion on May 14, 2013.  ((1:13-cv-292) 2013 WL 4080315 (M.D. Pa. 8-13-13), Doc. 20).  On August 13, 2013, the Court ordered:

> 1.  The Report and Recommendation of Magistrate Judge Blewitt (Doc. 27) are ADOPTED.
>
> 2.  Plaintiff's amended complaint (Doc. 26) is DISMISSED with prejudice.
>
> 3.  The Clerk of Court is directed to CLOSE this case.
>
> 4.  Any appeal from this order is DEEMED frivolous and not in good faith.  See 28 U.S.C. § 1915 (a)(3).

(*Id.*, Doc. 28).

In *Santiago v. Lebanon County Prison PA*, the Court ordered:

> 1.  The Report and Recommendation of Magistrate Judge Blewitt (Doc. 13) are ADOPTED.
>
> 2.  Plaintiff's amended complaint (Doc. 12) is DISMISSED with prejudice.
>
> 3.  Plaintiff's in forma pauperis motion (Doc 2) is GRANTED solely for the purposes of filing this action.
>
> 3.  The Clerk of Court is directed to CLOSE this case.

((1:13-cv-587) 2013 WL 3474763 (M.D. Pa. 7-10-13), Doc. 14).  On July 11, 2013, the Court further ordered that "any appeal from this order is DEEMED frivolous and not in good faith.  See 28 U.S.C. § 1915 (a)(3)."  (*Id.*, Doc. 15).

We must now examine whether the imminent danger exception to the three strike rule applies in his case.  As discussed above Plaintiff states that since August 22, 2012, Plaintiff has made numerous requests to release his court transcripts which have not been released causing a

6

delay on his appeal to the Superior Court and PCRA. (Doc. 1). Plaintiff also alleges that "Lebanon County Public Defender abandoned my appeal direct appeal with the Superior Court of the Middle District. Failed to filed the claimant brief. As a result claimant direct appeal was dissmised (sic) by the Superior Court of the Middle District." (*Id*). Plaintiff further states that the "Superior Court of Pennsylvania Middle District" failed to provide him with court appointed counsel. (*Id*). Clearly, these allegations are not an 'imminent danger' that is at the heart of the 'three-strike's' exception to the PLRA." (*Id*.).

Specifically, § 1915(g) states:

> In no event shall a prisoner bring civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Third Circuit elaborated upon Congress's intention and reasoning for enacting "three strikes" legislation in *Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3d Cir. 2001). The Court stated:

> Congress enacted the PLRA in order to limit the filing of frivolous and vexations prisoner lawsuits. To accomplish this, Congress curtailed the ability of prisoners to take advantage of the privilege of filing I.F.P. The "three strikes" rule added by the PLRA supplied a powerful economic incentive not to file frivolous lawsuits or appeals. In stark terms, it declared that the I.F.P. privilege will not be available to prisoners who have, on three prior occasions, abused the system by filing frivolous or malicious lawsuits or appeals, no matter how meritorious subsequent claims may be.

*Id*. at 314-15.

While this legislation is important in decreasing the administrative and financial burden on federal courts, it does block a prisoner's access. *Id*. Section 1915(g) "only denies the prisoner the privilege of filing before he has acquired the necessary filing fee." *Id*. Furthermore, it does not preclude a prisoner from filing in state court, where limitations on filing I.F.P. may not be as strict. *Id*.

We find no imminent danger due to Plaintiff's claims regarding his court transcripts. Plaintiff's Complaint does not concern any health problems of Plaintiff. Nor does Plaintiff allege any serious physical injury. "The Third Circuit Court of Appeals has concluded that the requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001). We find that time is not pressing and that Plaintiff is not facing a real and proximate threat due to the conditions at the prison. Thus, we find that as we discussed above and the cites from Westlaw show that Plaintiff has filed at least three actions *in forma pauperis* which have been dismissed as frivolous or for failure to state a claim, and that the three strike rule applies to him. *See Santiago v. Saul, et al.*, (1:12-cv-2007) 2013 WL 4418533 (M.D. Pa. 8-14-13); *Santiago v. Lebanon County Prison PA*, (1:13-cv-292) 2013 WL 4080315 (M.D. Pa. 8-13-13); and *Santiago v. Lebanon County Prison PA*, (1:13-cv-587) 2013 WL 3474763 (M.D. Pa. 7-10-13).

As discussed above, we also find that Plaintiff, based on his Complaint, is not in imminent danger. Courts applying the imminent danger exception have found that it does not apply where a Plaintiff merely suffers from an illness or disease that adversely affects his health or safety and no other risks are impending. *See Mitchell v. Federal Bureau of Prisons*, 587 F.3d

8

415, 422 (D.C. Cir. 2009). To satisfy the imminent danger element, the Plaintiffs must allege facts showing that they were in imminent danger at the time the complaint was filed. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001). We find that Plaintiff has failed to allege any real and present dangers to his health "which are about to occur at any moment or are impending." *Id*.

V. **RECOMMENDATION**

We respectfully recommend that this Court **DISMISS WITHOUT PREJUDICE** Plaintiff's instant action because Plaintiff is barred from filing any future suits *in forma pauperis*, does not fall within the imminent danger exception, and has not paid the full filing fee prior to initiating this action. We also recommend that Plaintiff be allowed to re-file his Complaint upon payment of the full filing fee.

                                              **s/ Thomas M. Blewitt**
                                              **THOMAS M. BLEWITT**
                                              **United States Magistrate Judge**

**Dated: November 14, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIMAS SANTIAGO, | : | CIVIL ACTION NO: **1:13-CV-02689** |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| SUPERIOR COURT OF PA, *et al.*, | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **November 14, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall

witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely Objections may constitute a waiver of any appellate rights.


                                             **s/ Thomas M. Blewitt**
                                             **THOMAS M. BLEWITT**
                                             **United States Magistrate Judge**


**Dated: November 14, 2013**